UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW IZEH,

               Plaintiff,

-against-

CITY OF NEW YORK; ARREST OFFICER
ON DOCKET #2017NY037372; POLICE
CHIEF; MAYOR OF NEW YORK,

               Defendants.

1:23-CV-0194 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Matthew Izeh, who is not incarcerated and is appearing *pro se*, filed this action alleging that the defendants violated his federal constitutional rights with respect to: (1) his June 21, 2017, arrest; (2) the seizure of his vehicle; and (3) his subsequent prosecution. He seeks damages and sues: (1) the City of New York; (2) the unidentified New York City Police Officer who arrested him ("the arresting officer"); (3) an unidentified New York City Police Chief ("the Police Chief"); and (4) the Mayor of the City of New York ("the Mayor"). The Court construes Plaintiff's complaint as asserting claims of false arrest and malicious prosecution, claims for violations of procedural due process, and other claims, all under 42 U.S.C. § 1983, as well as claims under state law.

    By order dated January 10, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, but grants Plaintiff leave to replead his claims under Section 1983 in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). The Court may further dismiss untimely *pro se* claims *sua sponte*, so long as the Court grants the *pro se* litigant notice and an opportunity to be heard. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Leave to amend need not be granted, however, if amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim. . . ." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

2

the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: On June 21, 2017, Plaintiff was driving his vehicle in Manhattan from Times Square to 125th Street. A New York City Police Officer ordered Plaintiff to pull over his vehicle in Harlem "for no reason." (ECF 2, at 4.) Plaintiff was carrying a valid Virginia drivers license, but the officer told him that he was driving with a suspended drivers license. Plaintiff told the officer that he had a "license from Virginia[,] [b]ut [the officer did] not [l]isten." (*Id.*) The officer arrested Plaintiff "for driving without a [l]icense." (*Id.*) As a result of Plaintiff's arrest, his vehicle was towed and impounded; it was "then sto[l]en by the officer" or someone else. (*Id.* at 5.)

Plaintiff was originally placed into pretrial detention, and he was released after paying $5,000 in bail. His state-court criminal case then proceeded to trial. "[A]ll [of Plaintiff's] documents[s] [were] brought in," which proved that Plaintiff was carrying a valid Virginia drivers license at the time of his arrest. (*Id.* at 4.) The state court then dismissed Plaintiff's criminal case on November 14, 2017.

## DISCUSSION

**A.    Statute of limitations for claims brought under 42 U.S.C. § 1983 against the arresting officer**

Plaintiff's claims of false arrest, malicious prosecution, and for procedural due process violations under Section 1983 against the arresting officer, arising from Plaintiff's arrest, the seizure of his vehicle, and his subsequent prosecution in state court all appear to be untimely. In the State of New York, there is a three-year limitations period for such claims. *Owens v. Okure*, 488 U.S. 235, 249-51 (1989). For claims of false arrest/false imprisonment brought under Section 1983,[1] the applicable limitations period begins to run when the illegal arrest/confinement without legal process ends. *See Wallace*, 549 U.S. at 388-90 (claim of false arrest/false imprisonment under Section 1983 accrues on the date when the illegal arrest/confinement without legal process begins, and the applicable limitations period beings to run when that arrest/confinement ends). For claims of malicious prosecution under Section 1983, the applicable limitations period does not accrue until there is a favorable termination of the plaintiff's criminal proceedings. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Otherwise, claims under Section 1983, including claims for procedural due process violations, generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *See, e.g., Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013); *Teichmann v. N.Y.C. Emps. Ret. Sys.*, No. 21-CV-5082, 2022 WL 4237110, at *6 (S.D.N.Y. Sept. 14, 2022) (discussion in the context of a

---

[1] A Section 1983 claim of "'[f]alse arrest [remedies] an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with [a] false imprisonment [claim].'" *Evans v. City of New York*, 308 F. Supp. 2d 316, 329 n.8 (S.D.N.Y. 2004) (quoting *Covington v. City of New York*, 171 F.3d 117, 125 (2d Cir. 1999) (Glasser, J., dissenting)), *aff'd*, 123 F. App'x 433 (2005) (summary order). Such claims are one and the same because "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

procedural due process violation). In addition, "[a]lthough federal law determines when a section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled, unless state tolling rules would 'defeat the goals' of section 1983." *Abbas*, 480 F.3d at 641 (citation omitted).

With respect to such tolling under New York State law, "the doctrines of equitable tolling or equitable estoppel 'may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" *Id.* at 642 (citation omitted). It is the plaintiff who must show "that the action was brought within a reasonable period of time after the facts giving rise to the equitable tolling or equitable estoppel claim 'have ceased to be operational.'"[2] *Id.* (citation omitted).

Plaintiff alleges that: (1) he was arrested on June 21, 2017; (2) his vehicle was seized on or about that date, and; (3) the state-court criminal case brought against him as a result of that arrest was dismissed on November 14, 2017. While it appears that Plaintiff alleges that he was arrested without legal process on June 21, 2017, it is unclear when that custody ended (specifically, when he was brought before a judge and then remanded to pretrial detention before he paid bail). In any case, that custody ended, and his vehicle was seized, before November 14, 2017, when his state-court criminal case ended favorably in dismissal. Thus, at the latest, the limitations period for Plaintiff's claims under Section 1983 against the arresting officer arising from those events expired three years later, on or about November 14, 2020. Plaintiff, who is not incarcerated, filed his complaint commencing this action on January 6, 2023, well after the latest

---

[2] Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the action is timely filed. *See Abbas*, 480 F.3d at 640. *Sua sponte* dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011).

5

limitations period for those claims expired. The Court therefore dismisses Plaintiff's claims of false arrest, malicious prosecution, and for violations of procedural due process under Section 1983 against the arresting officer for failure to state a claim on which relief may be granted, as untimely. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead those claims in an amended complaint in which he alleges facts showing why those claims are timely or why the applicable limitations period should be equitably tolled. *See Abbas*, 480 F.3d at 640.

**B.     Claims under Section 1983 against the City of New York**

Plaintiff has failed to state a claim under Section 1983 against the City of New York. When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff offers a series of specific and discrete events in his complaint, but does not include anything to suggest that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against the City of New York for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which he alleges facts sufficient to state a claim under Section 1983 against the City of New York.

**C.     Personal involvement**

Plaintiff alleges no facts showing how, with respect to his claims under Section 1983 against the unidentified Police Chief or the Mayor, those individual defendants violated his federal constitutional rights. To state a claim under Section 1983, a plaintiff must allege facts showing each of the individual defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names the arresting officer, the Police Chief, and the Mayor as individual defendants. While he seems to allege the personal involvement of the arresting officer at least as to some claims under Section 1983 against that defendant, he does not allege any facts showing how the Police Chief or the Mayor was personally and directly involved in the alleged violations of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against the Police Chief and the Mayor for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead his claims under Section 1983 against the Police Chief and the Mayor in an amended complaint in which he alleges facts showing how they, and any other individual named as a defendant in the amended complaint, were directly and personally involved with the alleged violations of Plaintiff's federal constitutional rights.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff 30 days' leave to replead his claims under Section 1983 in amended complaint, as specified above.

If Plaintiff does not file an amended complaint within the time allowed, or cannot show good cause as to why to excuse such failure, the Court will enter judgment: (1) dismissing Plaintiff's claims under federal law for failure to state a claim on which relief may be granted, *see id.*, and; (2) declining to consider, under the Court's supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 16, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge